Submitted on petition for review filed September 28, 1994, petition for review denied July 27, 1995

STATE OF OREGON,
*Respondent on Review,*

*v.*

JESSIE FRANK MONTGOMERY,
*Petitioner on Review.*

(CC C92-06-33391, C93-01-30423;
CA A80187 (Control), A80188; SC S41664)

898 P2d 766

Sally L. Avera, Public Defender for Oregon, and David C. Degner, Deputy Public Defender, Salem, filed the petition for petitioner on review.

No appearance for respondent on review.

MEMORANDUM OPINION

The petition for review is denied.

Durham, J., filed a concurring opinion.

**DURHAM, J.,** concurring.

I concur in the court's denial of review for the reason stated below. This case raises the question whether the trial court erred in relying on a juvenile adjudication as the sole basis for enhancing defendant's term of incarceration.

In *State v. Stewart*, 123 Or App 147, 151, 859 P2d 545 (1993), *adhered to as modified on reconsideration* 126 Or App 456, 868 P2d 794 (1994), the Court of Appeals majority held that such reliance by the trial court did not violate defendant's right to a trial by jury under Article I, section 11, of the Oregon Constitution. I joined the dissenting opinion of Judge De Muniz, who stated: "Defendant's right to a jury under Article I, section 11, was violated by using the juvenile adjudications to imprison him." 123 Or App at 156.

On review, this court, in a divided opinion, affirmed the Court of Appeals majority. *State v. Stewart/Billings*, 321 Or 1, 892 P2d 1013 (1995). Justices Fadeley and Unis separately dissented. Each concluded that Article I, section 11, "prevents the use of nonjury juvenile adjudications from being used under the sentencing guidelines by a sentencing court to establish a longer sentence for an adult offender than the offender would have received in the absence of those adjudications." 321 Or at 12 (footnote omitted) (Unis, J., dissenting). I did not participate in *State v. Stewart/Billings* in this court.

No useful purpose would be served by allowing review in this case. There is no reasonable likelihood that one of the four members of this court who supported the majority opinion in *State v. Stewart/Billings* two months ago will vote differently today on the jury trial issue. Regardless of my view on that issue, allowing review will produce no modification of the result below and will engender needless delay in the disposition of this case. Accordingly, I concur.